NORTH CAROLINA, Nash County, 13 February, 1821.
DEAR SIR: — I take this opportunity of writing a few lines to you, informing you that we are all well at present, thanks be to God, hoping these few lines may find you the same. I have to inform you that I have received your money, and want you to come and receive it.
I am, with respect, yours, etc., GEORGE COOPER. (588)
If the court should be of opinion that the action can be sustained in consequence of the defendant's thus speaking, then they assess the plaintiff's damages to $5. If the court should be of opinion that the action cannot be sustained on the speaking as aforesaid, then they find for the defendant; and they ask the advice of the court.
The court gave judgment for the plaintiff on this finding, and the defendant appealed.
It cannot be doubted that the words, as charged in either count of the declaration, are actionable, if taken by themselves; *Page 320 
and the inquiry then is whether the explanation and reference of them, as found by the jury, so qualifies their meaning as to render them innocent. This depends solely on the question whether writing the letter set forth would amount to a forgery. That it would at common law is apparent from the definition of that offense, which might be committed in respect of any writing whatever by which another might be defrauded. Whatever doubt might formerly have existed on the subject was completely removed by the decision in Wood's case, in which the distinction is taken between forgery and fraud; that the last must actually take effect, while the first was complete, though no one was actually injured, if the tendency and intent to defraud were manifest. 2 Ld. Ray., 1461. The tendency and intent of the letter imputed to the plaintiff are evidently to render the supposed writer liable to Tisdale for a sum of money; and supposing the letter to be genuine, Tisdale might have recovered upon its face without any extraneous proof sufficient damages to carry the costs. But it is needless to pursue the inquiry, because it seems now to be understood that it is not necessary to constitute (589) forgery that there should be an intent to defraud any particular person, but that a general intent to defraud will suffice. 3 Term, 176. On this part of the case, therefore, I am of opinion that the words are actionable as explained by the finding of the jury. But it is objected that the slanderous words are not stated in the declaration as they were uttered, according to the finding of the jury. It is to be observed, however, that the words laid are actionable per se, and the additional circumstances stated in the special verdict are only explanatory of the subject in reference to which the words were spoken; for as the jury must judge whether the words were innocently or maliciously uttered, it is proper to give in evidence the occasion and manner of speaking them. Where the additional words do not qualify the words laid in the declaration, or divest them of their slanderous character, it is not necessary that they should be charged. In Higges v. Austen, Yelv., 152, the words are, "Thou hast stolen as much wood and timber as is worth £ 20." The jury found the words with this addition, "off my landlord's ground," and it was adjudged for the plaintiff, for the words found by the jury, more than were in the declaration, do not qualify the first words. And in King v. Drake, 2 Salk., 661, it was held that where one declares for words spoken, variance in the addition or omission of a word is not material; and it is sufficient if so many of the words are proved and found as are in themselves actionable. In Maitland v. Goldney, 2 East, 438, Mr. Justice Lawrence says: "I take the rule in actions of this sort to be that though the plaintiff need not prove all the words laid, yet he must prove so much of them as is sufficient to sustain his cause of action, and it is not enough for him to prove equivalent words *Page 321 
of slander." For these reasons I think the judgment should be affirmed.